UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOTAL QUALITY LOGISTICS, LLC,                    Case No. 1:16-cv-636

     Plaintiff,                                              Judge Timothy S. Black

vs.

JAMES M. O'MALLEY d/b/a MACK LOGISTICS,

     Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 7)**

This civil action is before the Court on Plaintiff's motion to remand (Doc. 7) and

the parties' responsive memoranda (Docs. 9, 10).

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff initiated this lawsuit against Defendant in the Hamilton County Court of

Common Pleas, Hamilton County Ohio on May 18, 2016. (Doc. 4). The basis of the

complaint is Defendant's alleged breach of the written contract between the parties, in

which Defendant would render transportation services to Plaintiff, a freight broker, on

behalf of Plaintiff's customer. (*Id.* at ¶¶ 5-6). Specifically, under the Broker/Carrier

Agreement, Defendant is the motor carrier and Plaintiff is the freight broker. (*Id.* at 5-7).

Defendant, as a motor carrier, agreed to transport freight for Plaintiff's customers. (*Id.* at

§ 4). Defendant allegedly owes Plaintiff $25,487.52 under the parties' Broker/Carrier

Agreement. (*Id.* at ¶ 7).

The Broker/Carrier Agreement contains a forum selection clause that states

exclusive venue for any lawsuits arising in connection with the agreement shall be in

state or federal court in Cincinnati, Hamilton County, Ohio.  (Doc. 4 at § 14).

Accordingly, Plaintiff initiated suit against Defendant for breach of contract or, in the

alternative, unjust enrichment and promissory estoppel in the Hamilton County Court of

Common Pleas.  Subsequently, Defendant removed the case to this Court.  (Doc. 1).

Plaintiff argues that this action should be remanded to the Hamilton County Court

of Common Pleas, because the case was not properly removable and this Court lacks

jurisdiction.  Specifically, Plaintiff argues that Defendant's attempt to remove the case

based on the Carmack Amendment, 49 U.S.C. § 14706, *et seq*., is misplaced because it

has not alleged a Carmack claim, nor do any of its claims arise under federal law.

## II.    STANDARD OF REVIEW

On a motion for remand, the question is whether the district court lacks subject

matter jurisdiction.  28 U.S.C. § 1447(c).  Defendant bears the burden of establishing that

removal was proper.  *Long v. Bando Mfg. of Am., Inc*., 201 F.3d 754, 757 (6th Cir. 2000).

Removal raises significant federalism concerns and, for this reason, federal courts must

strictly construe such jurisdiction.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804,

808 (1986).  Accordingly, a federal court must resolve any doubt of its removal

jurisdiction in favor of state court jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 108-09 (1941).  In other words, the issue is whether the case was properly

removed in the first instance.  *Provident Bank v. Beck*, 952 F. Supp. 539, 540 (S.D. Ohio

1996).  Specifically, the issue is whether the plaintiff's well-pleaded complaint asserts a

cause of action created by federal law or depends on the resolution of a substantial

question of federal law. *Jordan v. Humana Military Healthcare Serv., Inc.*, No. C-3-06-51, 2006 U.S. Dist. LEXIS 25845, at *1 (S.D. Ohio May 2, 2006).

Removal of an action to federal court based on original jurisdiction is provided for in 28 U.S.C. §§ 1441(a), 1331 as to: "all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant maintains that Plaintiff's complaint contains a claim "arising under" federal law.

"The 'arising under' gateway into federal court has two distinct portals." *Eastman v. Marine Mech. Corp*., 438 F.3d 544, 550 (6th Cir. 2006). This Court has original jurisdiction if Plaintiff's well-pleaded complaint establishes that either federal law creates the cause of action, or that Plaintiff's right to relief involves the resolution or interpretation of a substantial question of federal law. *Id.*

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc*., 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). Because the plaintiff is the master of his complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law. *Eastman*, 438 F.3d at 550.

### III. ANALYSIS

The Carmack Amendment makes common carriers liable "for any loss, damage or injury" caused by such carriers to property received by them for transportation. *Plough, Inc. v. Mason & Dixon Lines*, 630 F.2d 468, 470 (6th Cir. 1980). For purposes of the

statute, a "motor carrier" is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A "broker" is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).

The Carmack Amendment pre-empts state law in suits involving claims by shippers against motor carriers who have caused a loss to a party entitled to recover under a receipt or bill of lading. *Keystone Logistics, Inc. v. Struble Trucking, LLC*, No. 3:14cv1938, 2014 U.S. Dist. LEXIS 16606, at *2 (D. Co. Feb. 7, 2014). "However, this preemption does not extend to disputes between a broker and carrier over a broker-carrier contract." *Id.*[1]

Congress's intent in enacting the Carmack Amendment was to provide a uniform, national remedy against carriers. *Exel, Inc. v. S. Refrigerated Transport, Inc.*, 835 F. Supp. 2d 472, 475 (S.D. Ohio 2011). The liability provisions within the Carmack Amendment do not apply to brokers and therefore, a broker is not a proper party in a

---

[1] *See also Traffic Tech, Inc. v. Arts Transp., Inc.*, No. 15 C 8014, 2016 U.S. Dist. LEXIS 44429, at *7 (N.D. Ill. Apr. 1, 2016) (claims by broker against carrier under broker-carrier agreement are "separate and distinct claims outside the scope of the Carmack Amendment.").

Carmack Amendment cause of action. *Id.* at 479.[2]  "Nothing in the Carmack

Amendment suggests that Congress also intended to protect the broker-carrier

relationship by granting brokers a direct right to sue under the statute."  *Exel, Inc. v. S.*

*Refrigerated Transport, Inc.*, 807 F.3d 140, 148-49 (6th Cir. 2015).

Here, Defendant is a carrier and Plaintiff is a broker.  Plaintiff is suing Defendant

for its breach of the Broker-Carrier Agreement.  (Doc. 4 at ¶ 7) ("Defendant still owes

Plaintiff $25,487.52 in principal pursuant to its Broker/Carrier Agreement.").  Since

Plaintiff is a broker, it is not subject to the Carmack Amendment.  Without the Carmack

Amendment, Defendant has failed to demonstrate any basis for concluding that this Court

has federal question jurisdiction.

## IV.   CONCLUSION

Accordingly, for these reasons: (1) Plaintiff's motion to remand (Doc. 7) is

**GRANTED**; (2) the case is **REMANDED** to the state court from which it was removed;

and (3) this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

Date:   7/28/16

Timothy S. Black
United States District Judge

---

[2] *See also FNS, Inc. v. Bowerman Trucking, Inc.*, No. 09-cv-866, 2010 U.S. Dist. LEXIS 10918, at *6 (S.D. Cal. Feb. 9, 2010) (the Carmack Amendment imposes "strict liability for 'actual loss or injury to property'…[on only] two parties…: 'carriers' and 'freight forwarders.'  The Carmack Amendment does not apply to parties who are neither carriers nor freight forwarders; for example, it does not apply to brokers.").